UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DEAN KINNINGHAM,                    )
                                    )
                Plaintiff,          )
                                    )
v.                                  )        No.:  3:12-CV-154
                                    )              (VARLAN/SHIRLEY)
RANDY KINCADE and                   )
SANDY KINCADE,                      )
                                    )
                Defendants.         )


## <u>MEMORANDUM OPINION</u>

This civil matter is before the Court on plaintiff's Motion for Default Judgment
[Doc. 19], in which plaintiff, appearing *pro se*, seeks the entry of judgment by default
against defendants for their failure to appear in this case.  On February 13, 2013, the
Clerk's Office entered default against defendants pursuant to Rule 55(a) of the Federal
Rules of Civil Procedure, noting that defendants had not filed any answer or other
pleading [Doc. 18].  However, after careful consideration of the matter and upon review
of the complaint in this case, the Court concludes that plaintiff's complaint against
defendants fails to state a claim for relief which could be granted by this Court.
Accordingly, and for the reasons stated herein, plaintiff's motion [Doc. 19] will be
denied, plaintiff's claims against defendants will be dismissed, and this case will be
closed.

## I. Background

In his complaint [Doc. 2], plaintiff alleges that he began visiting defendants' former place of business, the Break Thru Pain Clinic ("Break Thru") located in Maryville, Tennessee, as a patient in 2010 [*Id.* at 3]. While a patient at Break Thru, plaintiff alleges that he was prescribed various doses of prescription pain medicines and became addicted to the prescription drugs given to him by Break Thru's employees [*Id.* at 4]. When Break Thru was later closed by federal authorities and plaintiff was no longer able to obtain prescription drugs from Break Thru, plaintiff robbed a drug store in order to obtain the prescription drugs [*Id.*][1]. After a high-speed chase which ended in his arrest, plaintiff was charged with armed robbery and possession of a firearm [*Id.*].

Plaintiff then filed this *pro se* complaint in April 2012, along with an application to proceed *in forma pauperis* [Doc. 1], which this Court later granted [Doc. 4]. In his complaint, plaintiff alleges that if not for defendants' illegal operation of Break Thru, which furthered his addiction to prescription pain pills, and its subsequent closure, he would not have committed the robbery [*Id.*]. Plaintiff seeks $15 million in actual damages and $15 million in punitive damages [Doc. 2 at 5].

---

[1] The Court notes that plaintiffs are defendants in a criminal case pending before the Court and docketed as Case No. 3:10-CR-160, in which defendants are charged with various offenses related to the operation of Break Thru. The Court further notes that plaintiff pled guilty to pharmacy robbery, in violation of 18 U.S.C. § 2118(a), and use of a firearm during the commission of a violent crime, in violation of 18 U.S.C. § 924(c) in Case No. 3:11-CR-16. After the filing of the complaint in this case, plaintiff was sentenced to 262 months' imprisonment by the Court.

## II. Analysis

28 U.S.C. § 1915 governs proceedings *in forma pauperis*, or those actions where a court allows a party to proceed without pre-payment of any fees. That statute states, in relevant part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or
> >
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor will an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, the complaint must contain "enough facts to state a claim to relief that is

plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pleading must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

As noted, plaintiff has elected to proceed *pro se*. "[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble* , 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner* , 404 U.S. 519, 520 (1972). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Courts have not been "willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases). Liberal federal pleading standards do not permit litigants—even those acting *pro se* —to proceed on pleadings that are not readily comprehensible. *Cf. Becker v. Ohio State Legal Servs. Ass'n*, 19 F. App'x 321, 322 (6th Cir. 2001) (upholding district court's dismissal of *pro se* complaint containing "vague and conclusory allegations unsupported by material facts"); *Janita Theresa Corp. v. United States Attorney*, No. 96-

4

1706, 1997 WL 211247, at *1 (6th Cir. Apr. 28, 1997) (upholding district court's dismissal of *pro se* complaint whose allegations were "far too muddled to serve as a basis for a proper suit").

In this case, plaintiff's complaint is deficient because plaintiff does not allege a legally cognizable claim against defendants for which this Court could grant any relief, even when construing plaintiff's claim under the lenient standard afforded *pro se* plaintiffs. Plaintiff claims that his ability to obtain prescription pills from Break Thru made him addicted to those pills, which in turn made him rob a pharmacy after Break Thru was closed by federal authorities. This claim amounts to little more than a conclusory allegation that is unsupported by material facts, and, more importantly, is not tied to any legal claim which could serve as a basis for relief. Plaintiff only alleges a few, scattered facts rather than alleging facts which give rise to a legal cause of action. Plaintiff does not set forth the required elements of any recognizable legal claim, nor ties any of his factual allegations to a viable legal theory for which this Court could provide relief. Plaintiff's "the defendants harmed me" allegations may not serve as a substitute for a plausible claim that plaintiff is entitled to recover from defendants. *Iqbal*, 556 U.S. at 678. While plaintiff's situation may be unfortunate, such circumstances do not permit the Court to abrogate the basic pleading requirements imposed upon all plaintiffs, even those proceeding *pro se*. Accordingly, plaintiff's motion for default judgment [Doc. 19] will be denied and this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

5

## III.     Conclusion

For the reasons discussed herein, plaintiff's motion for default judgment [Doc. 19] will be **DENIED**, plaintiff's claim against defendants will be **DISMISSED**, and this case will be closed.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE